UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:                                                      CASE NO. 22-bk-01289-RCT
                                                            CHAPTER 13
CARMINE P. AMELIO,

    Debtor.
_____/

**SECURED CREDITOR'S MOTION TO DISMISS CHAPTER 13 CASE AS A "BAD FAITH" FILING *NUNC PRO TUNC* OR, ALTERNATIVELY, *IN REM* PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY**

Secured Creditor, WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-D ("Second Creditor"), through counsel, and pursuant to 11 U.S.C. §§ 1307 and 362(a), 362(c)(4), 362(d)(4), files this Moton to Dismiss Chapter 13 Case for "Bad Faith" Filing ("Motion") or, alternatively, for stay relief with prospective relief 362(d)(4) *nunc pro tunc*, and as grounds states as follows:

## INTRODUCTION

This is the Debtor's sixth (6th) Bankruptcy proceeding since 2017 including a Bankruptcy that is up on appeal from this Bankruptcy Court. This is also the Debtor's fourth (4th) forum. Debtor has filed Bankruptcy proceedings in New York, New Jersey, Connecticut and now twice in this Middle District of Florida.[1] The Debtor's last Bankruptcy in this District was dismissed on February 3, 2022. The Debtor appealed that decision on March 17, 2022 [DE 29]. The appeal is still pending.

---

[1] Prior Bankruptcy Case(s) for debtor Carmine P. Amelio Case Number 17-12482, Chapter 7 filed in New York Southern Bankruptcy Court on 09/01/2017; Case Number 19-50262, Chapter 11 filed in Connecticut Bankruptcy Court on 02/28/2019 , Dismissed for Other Reason on 04/16/2019; Case Number 22-00442, Chapter 13 filed in Florida Middle Bankruptcy Court on 02/03/2022 , Dismissed for Abuse on 03/03/2022; Case Number 17-11167, Chapter 13 filed in New York Southern Bankruptcy Court on 04/28/2017 , Dismissed for Other Reason on 08/14/2017; Case Number 19-19520, Chapter 13 filed in New Jersey Bankruptcy Court on 05/09/2019 , Dismissed for Other Reason on 06/19/2019

This case is the epitome of a bad faith filing. The Debtor is clear forum shopping and there is a question of whether the Debtor even residence in Florida to be able to file in this District.[2] It is clear the Debtor has no intent on reorganizing and is only forum shopping to stymie Secured Creditor's efforts to finish its foreclosure.

The Debtor seems to never be deterred from his efforts despite order after order from the various Bankruptcy Courts preventing the Debtor's effort to institute a stay on the Secured Creditor. This is the Debtor's sixth Bankruptcy and yet he has failed to file complete schedules, a plan of reorganization with his petition. This Debtor needs to be stopped once and for all.[3]

The Debtor does not seek a fresh start, but rather a forum to get away with preventing the Secured Creditor from finalizing its foreclosure and possession. This is a "bad faith" bankruptcy case in search of an honest debtor that simply does not exist when considering the unusual circumstances surrounding the clear forum shopping and the multiple bankruptcy dismissals. For the reasons further stated below, the Court should dismiss the Debtor's bankruptcy *nunc pro tunc*.

## BACKGROUND AND PROCEDURAL HISTORY

1.  On March 31, 2022, Debtor filed his Chapter 13 Voluntary Petition asserting his residence as 7125 Fruitville Road, Unit 1432, Sarasota Florida 34240 as his residence.

2.  On or about July 16, 2008, the non-debtor Anastasia Amelio executed and delivered that certain Promissory Note (the "Note") to Wells Fargo Bank, N.A., in the

---

[2] See Transcript of Motion dated February 2, 2022 attached as Exhibit "A".
[3] *See Order Denying Motion for Extension of Time to File Schedules, Statement, and Chapter 13 Plan, and Dismissing Case* – Case No. 22-00442-RCT [DE 26]; *see Preliminary Injunction and Restraining Order and Related Relief Order entered by J. Morris – Bankr. S.D.N.Y; See Order Denying Debtor's Motion to Dismiss J. Morris – Bankr. S.D.N.Y.; see Opinion and Order of District Court of Southern District of New York attached as* Exhibit "B".

original principal amount of $417,000.00. A copy of the Promissory Note is attached hereto as Exhibit "C".

3. The Note was secured by a Mortgage dated July 16, 2008, which was executed by non-debtor spouse Anastasia Amelio in favor of Wells Fargo Bank, N.A. The Mortgage was recorded on July 22, 2008, in Official Records Book 17065, Page 225 in the Public Records of Hudson County, New Jersey. A copy of the Mortgage is attached hereto as Exhibit "D".

4. The legal description of the Property is:

**ALL THAT CERTAIN LOT, PARCEL OR TRACT OF LAND, SITUATE AND LYING IN THE CITY OF HOBOKEN, COUNTY OF HUDSON AND STATE OF NEW JERSEY, BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS: KNOWN AND DESIGNATED AS UNIT 5, SITUATED IN CONDOMINIUMS, A CONDOMINIUM, TOGETHER WITH AN UNDIVIDED 21 PERCENT IN THE COMMON ELEMENTS APPURTENANT THERETO, IN ACCORDANCE WITH AND SUBJECT TO THE TERMS, LIMITATIONS, CONDITIONS, COVENANTS, RESTRICTIONS AND OTHER PROVISIONS OF THE MASTER DEED OF CONDOMINIUMS DATED MAY 30, 2008 AND RECORDED ON JUNE 4, 2008 IN THE COUNTY REGISTER'S OFFICE IN DEED BOOK 8527 AT PAGE 1, AS SAME MAY NOW OR HEREAFTER BE LAWFULLY AMENDED. BEING KNOWN AND DESIGNATED AS LOT 24.04 C0005 IN BLOCK 207 ON THE OFFICIAL TAX ASSESSMENT MAP OF THE CITY OF HOBOKEN, COUNTY OF HUDSON AND STATE OF NEW JERSEY. PERMANENT PARCEL NUMBER: BLOCK 207 LOT 24.04.**

**Street address: 814 Washington St., Apt. 5, Hoboken, NJ 07030**

5. The loan has been in default since February 1, 2009 and all subsequent payments.

6. Title to the Property was conveyed to the Debtor, CARMINE P. AMELIO for $1.00. See the Deed dated March 17, 2015 and recorded in Official Records Book 9046, Page 474, Instrument #20150624010054240 in the Public Records of Hudson County, New Jersey. A copy of the Deed is attached hereto as Exhibit "E".

7. Since April 2017, the Debtor, CARMINE P. AMELIO, has engaged in a serial of bankruptcy filings.

## BANKRUPTCY NUMBER 1

8. On April 28, 2017, the Debtor, CARMINE P. AMELIO filed Chapter 13 Bankruptcy under Case Number 17-11167-cgm in the Southern District of New York ("Bankruptcy Number 1") invoking the automatic stay. The Bankruptcy Number 1 was dismissed by the Court on August 14, 2017, for Debtor's failure to timely submit the required documentation and for failure to remit payment. A copy of the Case Summary and a copy of an Order Dismissing Case related to the Bankruptcy Number 1 is attached hereto as Exhibit "F".

## BANKRUPTCY NUMBER 2

9. On September 1, 2017, the Debtor, CARMINE P. AMELIO filed Chapter 13 Bankruptcy under Case Number 17-12482-cgm in the Southern District of New York ("Bankruptcy Number 2") and pursuant thereto an automatic stay was imposed. An order converting the case to a case under Chapter 7 was entered on May 22, 2018. The Court denied the Debtor a discharge on January 21, 2020 and terminated the automatic stay. A copy of the Case Summary and a copy of a Notice to Creditors and Interested Partiers Denial of the Discharge, related to the Bankruptcy Number 2 is attached hereto as Exhibit "G".

10. Further, an Order to Show Cause with Temporary Restraining Order and Related Relief was entered on March 22, 2019 in the Adversary Proceeding case number 19-01089-cgm, enjoining and restraining the Debtor and his representatives from filing or causing to be filed while pendency of the Bankruptcy case number 17-12482-cgm, any bankruptcy cases, in this or any other bankruptcy court, on behalf of himself as debtor, without first obtaining written permission from this Court. A copy of

the Order to Show Cause with Temporary Restraining Order and Related Relief is attached hereto as Exhibit "H".

## **BANKRUPTCY NUMBER 3**

11. On February 28, 2019, the Debtor, CARMINE P. AMELIO filed Chapter 11 Bankruptcy under Case Number 19-50262 in the District of Connecticut ("Bankruptcy Number 3"). On April 16, 2019, the Bankruptcy Court entered an order dismissing the Chapter 11 Bankruptcy case for Debtor's failure to show cause why he may maintain more than one petition under any chapters of the United States Bankruptcy Code at the same time and prohibiting the Debtor, CARMINE P. AMELIO from filing another bankruptcy case in the United States Bankruptcy Court for the District of Connecticut. A copy of the Case Summary and a copy of an Order Dismissing Case related to the Bankruptcy Number 3 is attached hereto as Exhibit "I".

## **BANKRUPTCY NUMBER 4**

12. On May 9, 2019, the Debtor, CARMINE P. AMELIO filed Chapter 13 Bankruptcy under Case Number 19-19520-SLM in the District of New Jersey ("Bankruptcy Number 4") invoking the automatic stay. On June 19, 2019, the bankruptcy court entered an order dismissing the Chapter 13 Bankruptcy case for Debtor's failure to timely submit the required documentation and prohibiting the Debtor, CARMINE P. AMELIO from filing another bankruptcy case in the United States Bankruptcy Court for the District of New Jersey. A copy of the Case Summary and a copy of an Order Dismissing Case related to the Bankruptcy Number 4 is attached hereto as Exhibit "J".

## **BANKRUPTCY NUMBER 5**

13.     On February 3, 2022, the Debtor, CARMINE P. AMELIO filed Chapter 13 Bankruptcy under Case Number 22-bk-00442-RCT in this Middle District of Florida ("Bankruptcy Number 5"). On March 3, 2022, this Court entered an order dismissing the Chapter 13 Bankruptcy case with prejudice. A copy of the Order Dismissing Case is attached hereto as Exhibit "K".

## **ARGUMENT**

There is a presumption only overcome by clear and convincing evidence that this bankruptcy is filed not in good faith. 11 U.S.C. §362(c). It has been generally accepted that good faith is a jurisdictional prerequisite for the filing under Chapter 13. *Phoenix Piccadilly, Ltd. v. Life Ins. Co. of Va. (In re Phoenix Piccadilly, Ltd.)* 849 F.2d 1393, 1394 (11th Cir. 1988). The question of whether to grant a motion to dismiss is guided by equitable principles, and consequently the decision to so lies within the discretion of the Bankruptcy Court. *In re McDaniel*, 363 B.R. 239, 243 (Bankr. M.D. Fla. 2007).

The purpose of a Chapter 13 is to enable a financially distressed debtor to reorganize his/her financial affairs and develop a realistic plan of repayment. The filing of Chapter 13 case is not intended to be used simply as a means of preventing a creditor from enforcing its claims, and the possibility of, or the wish for a successful reorganization cannot transform a bad faith chapter 13 petition into one undertaken in good faith.

Section 1307(c) of the Bankruptcy Code provide that the Court may dismiss a Chapter 13 case for cause; and, lack of good faith in filing constitutes such cause. *In re Tovar*, 2005 WL 2451684, at *2 (Bankr. S.D. Fla. Apr. 19, 2005). The Eleventh Circuit has stated that "whenever a chapter 13 petition appears to be tainted with a questionable

purpose, it is incumbent upon the bankruptcy courts to examine and question the debtor's motives." *Id. quoting In re Waldron*, 785 F.2d 936, 941 (11th Cir. 1986).

The determination of whether a Debtor filed a chapter 13 petition in good faith includes analysis of the following factors: (1) amount of debtor's income from all sources (Statement of Monthly Income Not Filed); (2) living expenses of debtor and her dependents (Statement of Financial Affairs Not Filed); (3) amount of attorney fees (Non-applicable); (4) probable or expected duration of debtor's Chapter 13 plan (no plan filed to determine this factor); (5) motivations of debtor and his sincerity in seeking relief under provisions of Chapter 13 (if the Debtor were sincere all requirements would be met and this would not be the 6th in 4th forum bankruptcy); (6) debtor's degree of effort (certainly so far the record reflects a lack of effort); (7) debtor's ability to earn and likelihood of fluctuation in his earnings (unknown as no Monthly Income Statement filed); (8) special circumstances such as ordinate medical expenses (unknown); (9) frequency with which debtor has sought relief under Bankruptcy Code and its predecessors (Six); (10) circumstances under which the debtor has contracted his debts and has demonstrated bona fide, or lack of same, in dealings with his creditors (See Bankruptcy Orders); and (11) burden which plan's administration would place on trustee. *In re Kitchens*, 702 F.2d 885 (11th Cir. 1983); *In re Cherry*, 411 B.R. 427 (Bankr. S.D. Fla. 2008). Facts of each bankruptcy case must be individually examined in light of various criteria to determine whether the Chapter 13 filed in good faith. *White v. Waage*, 440 B.R. 563 (M.D. Fla. 2010). This case should be dismissed as a bad faith filing from the onset.

Otherwise, the Court should grant *in rem* prospective relief from the automatic stay to Secured Creditor, or confirm there is no stay pursuant to 362(c)(4).

Secured Creditor seeks *in rem* prospective relief from stay in that it is clear that the Debtor is engaging in a course of serial filings, to continue to thwart the state court foreclosure process.

Relief from stay (including prospective relief) should be granted as cause exists under 11 U.S.C. § 362. It is clear that the tag-team serial filings of bankruptcies by the Debtor evidence a clear pattern of bad faith up through and including the filing of this sixth bankruptcy. The Eleventh Circuit Court of Appeals has delineated in *In re: Kitchens*, 792 F.2d. 885 (11 Cir. 1983) the elements inherent in a Chapter 13 bad faith filing as including the debtor's income, living expenses, ***and the motivation of seeking relief under Chapter 13*** (emphasis added). This bankruptcy case falls comfortably within the doctrine announced in the *Kitchens* opinion. Bad faith has also been deemed to exist whereby the debtor filed a bankruptcy that was only intended to defeat state court litigation. *In re: Chinichian*, 784 F.2d. 1440, 1445-46 (9th Cir. 1986); *Matter of Mount Castle*, 68 B.R. 305, 307 (Bankr., M.D. Fla. 1986).

Additionally, Secured Creditor seeks prospective relief to prevent a subsequent abusive filing by the Debtor. Prospective relief is also provided for under 11 U.S.C. § 362 (d). *In re: Selinsky*, 365 B.R. 260 (Bankr., S.D. Fla. 2007). In *Selensky*, the Court stated:

> Prospective stay relief, also known as *in rem* relief, is a particularly effective method to combat tag-team serial filers who seek to prevent foreclosures. *In re: Price*, 304 B.R. 769, 773 (Bankr. N.D. Ohio 2004). This stay relief attaches to the property, not necessarily the parties. *In re: Roeben*, 294 B.R. 840, 846 (Bankr. E.D. Ark. 2003); *In re: Graham*, 1998 Bankr. LEXIS. 961, 1998 WL 473051 (Bankr. E.D. Penn. Aug. 3, 1998). The reason these orders are so effective is "because it will not be affected by subsequent bankruptcy filings by the debtor of third party transferees." *In re: Roeben*, 294 B.R. at 846.
>
> The *Roeben* tag-team scheme is almost identical to the Selinskys plan. In *Roeben* the husband and wife filed 6 cases over the course of 6 years. In

*re: Roeben*, 294 B.R. at 843.  By using delaying tactics and successive filings the Roeben's were able to avoid foreclosure for several years.  *See id.* At 844.  In that case the court granted the request for an *in rem* order which would remove the property from automatic stay protection should another petition be filed.  *See Roeben*, 294 B.R. at 849.  Therefore, based on the *Roeben* case and because the Court finds that the Debtor along with Mr. Selinsky acted together in manner which constitutes gross abuse of the bankruptcy process.  Accordingly, the Court will grant prospective stay relief to Household.

Additionally, relief from stay is also proper under 11 USC § 362(d)(2) which provides that the stay may be lifted if a Debtor has no equity in the subject property and the property is not necessary to an effective reorganization. Here, Secured Creditor is owed the sum of $862,776.85 as evidenced see affidavit of Ron McMahan, Trust Administrator of Secured Creditor filed in the prior case.

**WHEREFORE**, WILMINGTON SAVINGS FUND SOCIETY, FSB, AS OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES TRUST V-D, prays this Court will dismiss this Bankruptcy *nunc pro tunc* or, alternatively, grant *in rem* prospective relief and any other relief that is just and appropriate.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by electronic mail via CM/ECF and/or U.S. Mail to: Kelly Remick, Chapter 13 Trustee, at ecf@ch13tampa.com; United States Trustee at USTP.Region21.OR.ECF@usdoj.gov, and Carmine P. Amelio at 32 Main St., New Milford, CT 06776, on this 1st day of April, 2022.

> LAW OFFICES OF MANDEL,
> MANGANELLI & LEIDER, P.A.
> *Attorneys for Wilmington Savings*
> 1900 NW Corporate Blvd., Suite 305W
> Boca Raton, FL 33431
> Telephone: (561) 826-1740
> Facsimile:  (561) 826-1741
>
> BY:   */s/ Christian Savio*
>       CHRISTIAN SAVIO, ESQ.
>       FLORIDA BAR NO. 84649
>       csavio@dsmandellaw.com;

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SERVICE LIST
CASE NO. 8:22-bk-01289-RCT

Kelly Remick
Post Office Box 89948
Tampa, FL 33689
ecf@ch13tampa.com;
*(Chapter 13 Trustee)*

United States Trustee - TPA7/13, 7
Timberlake Annex, Suite 1200
501 E. Polk St.
Tampa, FL 33602
USTPRegion21.TP.ECF@USDOJ.GOV;
*(U.S. Trustee)*

Carmine P. Amelio
32 Main St.
New Milford, CT 06776
*(Debtor)*